UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-8046-JVS (KK)** | Date: | September 14, 2020 |
| Title: | *Floyd Dewaine Scott v. C. Johnson, Warden* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

I.
**INTRODUCTION**

On August 26, 2020, Petitioner Floyd Dewaine Scott ("Petitioner"), an inmate at California State Prison – Los Angeles County ("CSP-LAC"), constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 which appears to challenge an August 22, 2019 disciplinary hearing conviction that resulted in 60 days of no phone privileges, yard recreation privileges, or day room privileges, and loss of 30 days good time credit.  See Dkt. 1, Pet. at 2. Petitioner sets forth four "grounds for relief".  Id. at 14-23.

Ground One is "against Respondent J. Fernald (Fernald) is Perjury, Filing a False California Department of Corrections and Rehabilitation (CDCR) Rules Violation Report (RVR) CDCR 115, and Retaliation" for filing an allegedly false RVR against Petitioner on August 6, 2019, rather than first issuing a verbal warning, in retaliation for Petitioner filing a 602 Complaint form against Fernald.[2]  Id. at 14-18.  Petitioner states he "seeks to have (A) The False RVR Log Number

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2]   "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (continued . . .)

000000006886249 removed from his Prison Perso[n]nel File, [and] (B) Criminal Charges brought against J. Fernald . . . ." Id. at 18.

Ground Two is "for J. Varela (Varela)", who was the Senior Hearing Officer at the August 22, 2019 hearing, for "Due Process Violations [and] Eighth Amendment Rights" for denying Petitioner his request for a polygraph test and declining to require supplemental reports from other correctional officers who witnessed the incident resulting in the August 6, 2019 RVR. Id. at 19-20. Petitioner states he "wants J. Varela prosecuted for his actions in violating the Petitioner[']s Constitutional Rights." Id. at 20.

Ground Three is "for Due Process Violation and Eighth Amendment Violations." Id. Petitioner alleges D. Barbato "classified the False RVR Log Number 000000006886249", A.F. Martinez "heard two of Petitioner's 602 Complaints" on September 30, 2019 and "failed to correct the False RVR" or allow Petitioner to take a polygraph test, and M. Hodges "for also failing to correct the False RVR[.]" Id. at 20-22. Petitioner states the "RVR Log Number 00000000688[6]249 should be removed from the Petitioner's CDCR Person[n]el File with all copies and the Original Removed and given to the Petitioner[.]" Id. at 21.

Ground Four is "on the State Courts Failure to hold an Evidentiary Hearing on the Grounds Raised."[3] Id. at 22. Petitioner argues the state courts violated his due process rights and "Sixth Amendment Rights to meaningful access to the Courts when they failed to hold an evidentiary hearing." Id.

As discussed below, the Court orders Petitioner to show cause why the Petition should not be summarily dismissed for failure to state a cognizable habeas claim.

---

(second alteration in original). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; see Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, if Petitioner chooses to file an amended petition, the correctional officers or other persons or entities named in the Petition are not proper "respondents."

[3] Petitioner appears to admit he has not exhausted his state court remedies with regard to Ground Four. See Dkt. 1, Pet. at 7 (stating Petitioner has not presented his claim regarding the denial of an evidentiary hearing to the California Supreme Court). In addition, Petitioner does not appear to have raised any Sixth or Eighth Amendment claims to the California Supreme Court. See id. at 4. To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (interpreting 28 U.S.C. § 2254(c)). Accordingly, the Petition also appears subject to dismissal because Petitioner has not exhausted his state remedies with respect to these claims. Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (holding "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims").

## II.
## DISCUSSION

### A.  Applicable Law

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). In contrast, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" and action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citations omitted). Thus, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under [Section] 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (citations and internal quotation marks omitted); see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (holding a Section 1983 action "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus").

In addition, under Federal Rule of Civil Procedure 8 ("Rule 8"), a habeas petition must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d); see Petillo v. Los Angeles Dept. of Children & Family Services, No. CV 17-08062-JFW (AS), 2018 WL 748290, at *1 (C.D. Cal. Feb. 7, 2018) (applying Rule 8 standards to a habeas petition); Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (Habeas Rule 2(c) "requires a more detailed statement [than Rule 8]. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"); Rules Governing Section 2254 Cases in the United States District Courts.

### B.  Analysis

Here, it is not clear whether Petitioner is challenging the August 22, 2019 disciplinary hearing conviction or the filing of the August 6, 2019 RVR. See Fed. R. Civ. P. 8(a), (d); Habeas Rule 2(c). The specific relief Petitioner appears to request is that the RVR be removed from his personnel file and correctional officers Fernald and Varela be criminally prosecuted for their actions. Petitioner nowhere specifically seeks to have the August 22, 2019 disciplinary hearing conviction reversed and his good time credits restored. Accordingly, it is not clear that success on the Petition would "necessarily spell speedier release" and, therefore, Petitioner's claims "do not lie at the core of habeas corpus." Skinner, 562 U.S. at 535 n.13. Hence, based on the relief sought, the claims in the Petition are not cognizable on habeas review and must be brought, if at all, under Section 1983.[4]

---

[4]  When a prisoner's claim is not cognizable in habeas corpus, the Court may construe the petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Here, however, the Petition is not amenable to conversion on its face to a civil rights complaint. Rather, converting Petitioner's claims to a civil rights action would impose burdensome constraints – such as a significantly higher filing fee, the means of collecting it, and restrictions on future filings – that could make conversion more disadvantageous to Petitioner than a dismissal of his habeas (continued . . . )

# III.
# ORDER

For the above reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition. **No later than October 2, 2020**, Petitioner shall choose one of the following options:

1. Option One: Petitioner may file a written response explaining why Petitioner's claims are cognizable on habeas review. If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents.

2. Option Two: Petitioner may file a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition. If Petitioner chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

3. Option Three: Petitioner may voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a cognizable habeas claim and/or for his failure to comply with court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record and provide Petitioner with a blank form Petition for his use in filing a First Amended Petition.

**IT IS SO ORDERED.**

---

petition without prejudice to filing a civil rights complaint. See Nettles, 830 F.3d at 936. The Court, thus, declines to recharacterize Petitioner's habeas petition as a civil rights complaint.