UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD DEWAINE SCOTT,<br><br>                              Petitioner,<br><br>         v.<br><br>C. JOHNSON, Warden,<br><br>                              Respondent. | Case No. CV 20-8046-JVS (KK)<br><br>ORDER SUMMARILY DISMISSING ACTION WITH PREJUDICE |

## I.

## **INTRODUCTION**

Petitioner Floyd Dewaine Scott ("Scott"), an inmate at California State Prison – Los Angeles County ("CSP-LAC"), filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 ("Section 2254"). See ECF Docket No. ("Dkt.") 1 at 14. The Petition purports to challenge an August 22, 2019 disciplinary hearing that resulted in 60 days of no phone, yard, recreation, or day room privileges, and the loss of 30 days good time credit. Id. at 19. On September 14, 2020, the Court issued an Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim ("OSC"). Dkt. 6. On October 1, 2020, Scott filed a response to the OSC. Dkt. 7. For the reasons discussed below, the Court summarily DISMISSES this action with prejudice.

## II.

## **SUMMARY OF PROCEEDINGS**

On August 26, 2020, Scott constructively filed[1] the instant Petition. Dkt. 1. The Petition sets forth four "grounds for relief." Id. at 14–23.

Ground One alleges CSP-LAC correctional officer J. Fernald ("Fernald") filed a false Rules Violation Report ("RVR") against Scott without first issuing a verbal warning and retaliated against Scott for filing a 602 Appeal form. Id. at 15–18. Scott "seeks to have (A) The False RVR . . . removed from his Prison Perso[n]nel File, [and] (B) Criminal Charges brought against J. Fernald[.]" Id. at 18.

Ground Two alleges J. Varela ("Varela"), the senior hearing officer at Scott's August 22, 2019 disciplinary hearing, violated Scott's due process and Eighth Amendment rights by denying his request for a polygraph test and declining to require supplemental reports from other correctional officers. Id. at 19–20. Scott seeks to have Varela prosecuted for violating his constitutional rights. Id. at 20.

Ground Three alleges D. Barbato ("Barbato"), A.F. Martinez ("Martinez"), and M. Hodges ("Hodges") violated Scott's due process and Eighth Amendment rights. Id. at 20–22. Scott claims Barbato "classified the False RVR"; Martinez "failed to correct the False RVR" or allow Scott to take a polygraph test; and Hodges "[failed] to correct the False RVR," "fully investigate the RVR," and "seek the Supplemental Reports from the [relevant] C/O's[.]" Id. Scott seeks to have the RVR "removed from [his] CDCR Person[n]el File with all copies and the Original Removed and given to [him.]" Id. at 21.

Ground Four alleges the state courts failed to hold an evidentiary hearing in each of Scott's Petitions for Writ of Habeas Corpus seeking to remove the RVR on the grounds that prison staff violated his due process and Eighth Amendment rights.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

Id. at 22; dkt. 7 at 9. Scott claims the state courts violated his due process and Sixth Amendment right "to meaningful access to the Courts when they failed to hold an evidentiary hearing."[2] Dkt. 1 at 22.

On September 14, 2020, the Court issued an OSC as to why the Petition should not be dismissed for failure to state a cognizable claim. Dkt. 6 at 2. Scott was instructed to respond no later than October 2, 2020 by 1) filing "a written response explaining why Scott's claims are cognizable on habeas review," 2) filing "a First Amended Petition curing" the failure to state a cognizable claim, or 3) voluntarily dismissing this action with prejudice. Id. at 4.

On October 1, 2020, Scott filed a response to the OSC, arguing the Petition states a cognizable claim. Dkt. 7 at 1.

## III.
## THE PETITION FAILS TO STATE A COGNIZABLE CLAIM

**A. APPLICABLE LAW**

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted). Thus, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be

---

[2] It is not clear from the Petition what relief Scott is seeking as a result of the state courts' failure to hold evidentiary hearings. To the extent Scott is requesting either this Court order the state courts to hold an evidentiary hearing or this Court to hold an evidentiary hearing, such relief is not available where, as here, the underlying claims are not cognizable for the reasons discussed below. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

3

brought, if at all, under [Section] 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal citation and quotation marks omitted); see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (holding a Section 1983 action "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus").

In addition, under Federal Rule of Civil Procedure 8 ("Rule 8"), a habeas petition must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a), (d); see Petillo v. Los Angeles Dep't. of Child. & Fam. Servs., No. CV 17-08062-JFW (AS), 2018 WL 748290, at *1 (C.D. Cal. Feb. 7, 2018) (applying Rule 8 standards to a habeas petition); Mayle v. Felix, 545 U.S. 644, 649 (2005) ("Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement [than Rule 8]. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"); Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.[3]

**B.  ANALYSIS**

Here, success on the Petition would not "necessarily spell speedier release"; therefore, Scott's claims "do not lie at the core of habeas corpus." Skinner, 562 U.S. at 535 n.13. Rather, the specific relief Scott appears to request is that the RVR be removed from his file and correctional officers Fernald and Varela be criminally prosecuted for their actions. Dkt. 1 at 18, 20; Dkt. 7 at 11. Scott does not seek to have the August 22, 2019 disciplinary hearing reversed, nor does he seek to have his good time credits restored. In fact, Scott states, "the 30 days lost of good time credits were automatically restored." Dkt. 7 at 5, 11.[4] In addition, while Scott speculates the

---

[3]  Rules Governing Section 2254 Cases in the United States District Courts, ADMINISTRATIVE OFFICE OF THE U.S. COURTS, https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf (last visited Oct. 23, 2020).

[4]  If in fact the 30 days of good time credits lost were automatically restored, any habeas action challenging the disciplinary proceedings may be moot. See Johnson v. McDonald, No. CIV S10-1641-FCD-CMK-P, 2011 WL 777911, at *1–2 (E.D. Cal.

RVR "can extend a prison stay with a parole board," id. at 7, he fails to demonstrate collateral consequences are likely to result from the RVR. See Johnson v. McDonald, No. CIV S10-1641-FCD-CMK-P, 2011 WL 777911, at *1 (E.D. Cal. Feb. 28, 2011) ("[I]n the prison disciplinary context, collateral consequences can be proven if the petitioner can show consequences which are not speculative or ephemeral but are likely to result from the disciplinary action being challenged.").

Accordingly, based on the relief sought, the claims in the Petition are not cognizable on habeas review and must be brought, if at all, under Section 1983.[5]

## IV.
## ORDER

Thus, this Court ORDERS Judgment be entered summarily DISMISSING this action with prejudice.

Dated: October 29, 2020

_____
HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

---

Feb. 28, 2011) (finding no relief can be granted because the credits have already been restored and dismissing the petition as moot).

[5] When a prisoner's claim is not cognizable in habeas corpus, the Court may construe the petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Here, however, converting the Petition to a civil rights action would impose burdensome constraints–such as a significantly higher filing fee, the means of collecting it, and restrictions on future filings–that could make conversion more disadvantageous than dismissal of the Petition with prejudice to filing a civil rights complaint. See Nettles, 830 F.3d at 936. The Court, thus, declines to recharacterize the Petition as a civil rights complaint.

5